**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

JACK VAN DeVIVER

                              Plaintiff,

                                8:09-CV-0925
      v.                             (GTS/DRH)

IRENE BARDOT, Prosecutor, New York State
Attorney General's Office; ELLIOT SPITZER;
JUDGE WALTER HAFNER, Oswego County Court;
SALVATORE J. PIEMONTE, Attorney,

                              Defendants.

APPEARANCES

JACK VAN DeVIVER
Plaintiff pro se
07-B-1131
Clinton Correctional Facility
Post Office Box 2002
Dannemore, New York   12929

DAVID R. HOMER
U.S. Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

### I. Background.

Presently before this Court is an application to proceed in forma pauperis and a civil

rights complaint filed by Jack VanDeViver ("VanDeViver" or "plaintiff").  VanDeViver has not

paid any fee relating to this action.   Docket Nos. 1, 2.

VanDeViver brings this action resulting from his conviction in state court alleging that

the above-named defendants violated his constitutional rights.  VanDeViver alleges, among

other things, that  (1) defendants Bardot, Judge Hafner, and Piemonte, separately and in

concert, coerced him into entering a plea of guilty when plaintiff was not of sound mind; (2) defendant Bardot refused to allow VanDeViver to cooperate by way of a controlled drug transaction; (3) ineffective assistance of counsel by defendant Piemonte, his retained counsel; and (4) defendant Elliot Spitzer used VanDeViver's conviction to enhance Spitzer's number of convictions.   Docket No. 1 at 4-5, 7.

## II.  Initial Screening

The Court has reviewed VanDeViver *in forma pauperis* application.  *See* Dkt. No. 2. Because VanDeViver sets forth sufficient economic need, the Court finds that VanDeViver qualifies to proceed *in forma pauperis*.

Having found that VanDeViver meets the financial criteria for commencing this case *in forma pauperis*, the Court must now consider the sufficiency of the allegations set forth in the Complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).  Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the court may permit the plaintiff to proceed with this action *in forma pauperis*.  See id.

Likewise, under 28 U.S.C. § 1915A, a court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b); see also Carr v. Dvorin, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (Section 1915A applies to all actions brought by prisoners against government officials even when plaintiff paid the filing fee); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints).

A.      **Defendant Judge Walter Hafner**

VanDeViver's complaint names Walter Hafner, an Oswego County Court Judge, as a defendant in this action.  It appears that Judge Hafner presided over VanDeViver's criminal proceeding.  It is well-established that "[j]udges enjoy *absolute immunity* from personal liability for 'acts committed within their judicial jurisdiction.'" See Young v. Selsky, 41 F.3d 47, 51 (2d Cir. 1994) (quoting Pierson v. Ray, 386 U.S. 547 (1967)).  "The absolute immunity of a judge applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff." See Young, 41 F.3d at 51 (citation and internal quotations omitted).  Accordingly, defendant Hafner should be dismissed from this action with prejudice because he is absolutely immune from liability in this Section 1983 action.

### B.    Defendant Bardot

To the extent that Assistant District Attorney Bardot criminally prosecuted VanDeViver, Bardot should be dismissed because "prosecutors are absolutely immune from liability under § 1983" in matters involving the prosecution – or failure to prosecute – individuals.  See Dory v. Ryan, 25 F.3d 81, 83 (2d Cir. 1994) (prosecutorial immunity covers virtually all acts, regardless of motivation, associated with the prosecutor's function, including conspiracies to present false evidence).

### C.    Defendant Piemonte

VanDeViver alleges ineffective assistance of counsel as to his defense attorney, defendant Salvatore J. Piemonte.   It is well-settled, however, that private attorneys do not act under color of state law and are not state actors simply by virtue of their state-issued licenses to practice law. See, e.g., Rodriguez v. Weprin, 116 F.3d 62, 65-66 (2d Cir.1997) (private attorney not a state actor law by virtue of his appointment by the court to represent a defendant in a state criminal proceeding); Fine v. City of New York, 529 F.2d 70, 74 (2d Cir.1975) (private attorney not a state actor); Agron v. Douglas W. Dunham, Esq. & Assocs., No. 02 Civ.10071, 2004 WL 691682, at *3 (S.D.N.Y. Mar.31, 2004) ( "It is well-established that as a matter of law a private attorney is not a state actor." ); Cunningham v. Fisch, 01 Civ. 1123, 2001 U.S. Dist. LEXIS 17483, at *11 (S.D.N.Y. Oct. 26, 2001) (" '[A] lawyer representing a client is not, by virtue of being an officer of the court, a state actor under color of state law' within the meaning of § 1983 ." ') (quoting Polk County v. Davidson, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981)). Sullivan v. Stein, No. Civ. 3:03 CV 1203, 2004 WL 1179351, at *10 (D.Conn. May 21, 2004).

Accordingly, defendant Piemonte should be dismissed from the complaint.


### D.    Conspiracy

VanDeVivor alleges that all defendants conspired together to violate his constitutional

rights.

"Section 1985 prohibits conspiracies to interfere with civil rights."  Davila v. Secure

Pharmacy Plus, 329 F. Supp. 2d 311, 316 (D. Conn. 2004). To state a claim for relief under §

1985(3), a plaintiff must show:

> (1) a conspiracy; (2) for the purpose of depriving, either directly or
> indirectly, any person or class of persons of the equal protection of
> the laws, or of equal privileges and immunities under the laws; and
> (3) an act in furtherance of the conspiracy; (4) whereby a person is
> either injured in his person or property or deprived of any right of a
> citizen of the United States.

United Bhd. of Carpenters & Joiners of Am., Local 610 v. Scott, 463 U.S. 825, 828-29 (1983);

see also Iqbal v. Hasty, 490 F.3d 143, 176 (2d Cir. 2007).  To demonstrate that a conspiracy

existed, "the plaintiff must prove a mutual understanding or meeting of the minds to violate

[his or] her civil rights."  Salgado v. City of N.Y., No. 00-CV-3667 (RWS), 2001 WL 290051, at

*8 (S.D.N.Y. Mar. 26, 2001) (citations omitted).  "In addition, the conspiracy must be

motivated by some class-based animus."  Iqbal, 490 F.3d at 176 (citations omitted).

Here, VanDeViver does not assert any facts giving rise to a conspiracy.  First,

VanDeViver vaguely asserts conclusory statements relating to an alleged conspiracy among

defendants.  This is insufficient.  See X-Men Sec., Inc. v. Pataki, 196 F.3d 56, 71 (2d Cir.

1999).  Furthermore, there are no allegations relating to agreements, or even

communications, between the defendants, the purpose of their alleged conspiracy, or an

intent by defendants to deprive VanDeViver of his civil rights.

### E. Availability of Habeas Corpus Relief

It thus appears that VanDeViver has failed to allege any causes of action for violation of his civil rights against the named defendants.  The bases for VanDeViver's claims here, however, suggest the possibility of relief in a habeas corpus proceeding under 28 U.S.C. §§ 2241 and 2254.  Habeas corpus relief does not offer the possibility of money damages as would be available upon proof of a deprivation of civil rights, but it affords a petitioner remedies where, as here, an inmate in state custody challenges the lawfulness of his or her conviction or sentence.  Therefore, VanDeViver is advised that while his claims here appear insufficient as civil rights claims for damages, he may nevertheless pursue those claims in a habeas corpus action.

### III.  CONCLUSION

Accordingly, for the above-stated reasons, the Court hereby

**RECOMMENDED** that plaintiff VanDeViver's complaint be **DISMISSED** as to all claims and all defendants; and it is further

**ORDERED** that although plaintiff VanDeViver qualifies to proceed *in forma pauperis,* his application is **DENIED** as moot in light of the Court's recommendation that this action be dismissed; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Report-Recommendation and Order Memorandum-Decision and Order on VanDeViver by regular

mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.**  Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).


**IT IS SO ORDERED.**

Dated:  September 9, 2009
          Albany, New York

_David R. Homer_
David R. Homer
U.S. Magistrate Judge