UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JACK VAN DeVIVER,

                           Plaintiff,

                                                                                  8:09-CV-0925
v.                                                                            (GTS/DRH)

IRENE BARDOT, Prosecutor, New York State
Attorney General's Office; ELLIOT SPITZER;
JUDGE WALTER HAFNER, Oswego County
Court; and SALVATORE J. PIEMONTE, Attorney,

                           Defendants.
_____

APPEARANCES:                                         OF COUNSEL:

JACK VAN DeVIVER, 07-B-1131
  Plaintiff, *Pro Se*
Clinton Correctional Facility
P.O. Box 2002
Dannemore, New York 12929

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently pending before the Court in this *pro se* prisoner civil rights action filed by Jack Van DeViver ("Plaintiff") are (1) Magistrate Judge David R. Homer's Report-Recommendation recommending that Plaintiff's Complaint be dismissed in its entirety (Dkt. No. 8); and (2) Plaintiff's Amended Complaint (Dkt. No. 10, Part 1). For the reasons set forth below, Plaintiff's Amended Complaint is accepted for filing; Magistrate Judge Homer's Report-Recommendation is accepted and adopted in its entirety; and Plaintiff's Amended Complaint is *sua sponte* dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

I. BACKGROUND

Plaintiff filed his Complaint on August 12, 2009. (Dkt. No. 1.) Liberally construed, Plaintiff Complaint alleges that his constitutional rights were violated in the following ways: (1) he was coerced into entering a guilty plea; (2) Defendant Bardot refused Plaintiff's cooperation in a controlled drug transaction; (3) Defendant Piemonte provided ineffective assistance as counsel; and (4) Defendant Spitzer used Plaintiff's conviction to bolster his record of convictions while acting Attorney General. (Dkt. No. 1.)

On September 9, 2009, Magistrate Judge Homer issued a Report-Recommendation recommending the *sua sponte* dismissal of Plaintiff's Complaint in its entirety for failure to state a claim and lack of subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A . (Dkt. No. 8.) Plaintiff's Objections to the Report-Recommendation were due on September 26, 2009.[1]

Rather than file any Objections, on October 5, 2009, Plaintiff filed a document that he requested be construed as an Amended Complaint. (Dkt. No. 10, Part 1.) In addition, Plaintiff filed a request that the Court assign him counsel (Dkt. No. 1, Parts 1-5.) which was denied by Magistrate Judge Homer on 10/22/09. (Dkt No. 12)

In his Amended Complaint, Plaintiff attempts to correct the pleading deficiencies identified in Magistrate Judge Homer's Report-Recommendation by providing additional details regarding his claims that (1) he was set up by police officers to perform drug buys which

---

[1] Pursuant to the applicable rules, any objections to a report-recommendation issued by the United States District Court for the Northern District of New York must be filed with the Clerk of the Court within ten (10) working days, plus three (3) calendar days from the date of this Report-Recommendation (unless the third calendar day is a legal holiday, in which case a fourth calendar day must be added). *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y. L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

resulted in an unlawful conviction for cocaine possession, (2) he was coerced into entering a guilty plea when he was not of sound mind, and (3) his retained counsel was ineffective. (*See generally* Dkt. No. 10.)

## II.   STANDARD OF REVIEW

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[2] When only general objections are made to a magistrate judge's report-recommendation (or the objecting party merely repeats the allegations of his pleading), the Court reviews for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[3] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed.

---

[2] On *de novo* review, a district court will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse discretion in denying plaintiff's request to present additional testimony where he "offered no justification for not offering the testimony at the hearing before the magistrate").

[3] *See also Vargas v. Keane*, 93-CV-7852, 1994 WL 693885, at *1 (S.D.N.Y. Dec. 12, 1994) (Mukasey, J.) ("[Petitioner's] general objection [that a] Report . . . [did not] redress the constitutional violations [experienced by petitioner] . . . is a general plea that the Report not be adopted . . . [and] cannot be treated as an objection within the meaning of 28 U.S.C. § 636."), *aff'd*, 86 F.3d 1273 (2d Cir.), *cert. denied*, 519 U.S. 895 (1996).

R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted].  After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).

### III. ANALYSIS

#### A. Plaintiff's Complaint

As stated above in Part I of this Decision and Order, rather than file any Objections to Magistrate Judge Homer's Report-Recommendation, on October 5, 2009, Plaintiff filed a document that he requested be construed as an Amended Complaint.  (Dkt. No. 10, Part 1.)

Pursuant to Fed. R. Civ. P. 15, "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading."  Fed. R. Civ. P. 15(a).  Generally, for reasons of judicial economy, the Court is loathe to permit a party to change his allegations after one of the Court's magistrate judges has expended the time and effort to review the sufficiency of those allegations.[4]  However, the Court is mindful of the rather absolute nature of the right created by Fed. R .Civ. 15(a), and the special status that Plaintiff enjoys as a *pro se* civil rights litigant.  Moreover, the Court is mindful that Plaintiff's Amended Complaint does not assert any new claims against or add any new Defendants, as compared to his original Complaint.  (*Compare* Dkt. No. 1 *with* Dkt. No. 10, Part 1.)

For these reasons, the Court accepts for filing Plaintiff's Amended Complaint, and directs the Clerk of the Court to file and docket Dkt. No. 10, Part 1 as Plaintiff's Amended Complaint.

---

[4] *Cf. Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

Moreover, because the Court has the benefit of Magistrate Judge Homer's Report-Recommendations evaluating the claims asserted in Plaintiff's Amended Complaint (which are the same as those asserted in his Complaint), the Court will review the sufficiency of Plaintiff's Amended Complaint in light of Magistrate Judge Homer's Report-Recommendation.  Out of special solicitude to Plaintiff, the Court will assume, for the sake of argument, that Plaintiff's submission of his Amended Complaint constitutes sufficiently specific objections to that Report-Recommendation to make a *de novo* review (rather than a clear-error review) of the Report-Recommendation appropriate.

      **B.**     **Plaintiff's Amended Complaint**

After carefully reviewing all of the papers herein, including Magistrate Judge Homer's thorough Report-Recommendation, and Plaintiff's Amended Complaint, the Court can find no error in the Report-Recommendation.  Magistrate Judge Homer correctly recited the law, correctly applied the law to Plaintiff's claims.  For example, Magistrate Judge Homer correctly concluded that the issues Plaintiff presents in his Amended Complaint would be better asserted as a 28 U.S.C. §§ 2241 or 2254 habeas corpus claim because Plaintiff appears to be challenging the merits of his conviction or sentence.  The Court will add only three points.

First, the difference between Plaintiff's original Complaint (analyzed by Magistrate Judge Homer) and his Amended Complaint (submitted in an effort to cure the defects identified by Magistrate Judge Homer) is that the latter is more factually specific (as well as better organized and less reliant on exhibits) than is the former.  (*Compare* Dkt. No. 1 *with* Dkt. No. 10, Part 1.)  The reason that this change does not cure the defects identified by Magistrate Judge Homer is that, *with one exception*, those defects did not arise from a lack of "fair notice" under Fed. R. Civ. P. 8(a)(2) but a lack of legal cognizability under Fed. R. Civ. P. 12(b)(6) and/or a

5

lack of subject-matter jurisdiction under Fed. R. Civ. P. 12(b)(1).[5] The "one exception" to which the Court refers is the defect that Magistrate Judge Homer found with Plaintiff conspiracy claim, which did arise from a lack of "fair notice" under Fed. R. Civ. P. 8(a)(2). (*See* Dkt. No. 8, at 5-6.) The problem is that Plaintiff's Amended Complaint does not cure this defect but merely continues to assert conclusory allegations of a meeting of the minds between Defendants. (*See* Dkt. No. 10, Part 1.) Simply stated, Plaintiff's newly organized and better-articulated claims are still not actionable.

Second, because Plaintiff has not plead facts plausibly suggesting that his conviction has been invalidated, awarding him money damages would amount to an improper invalidation of Plaintiff's conviction. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) ("[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."); *Henry v. Purvis*, 111 F. App'x 622, 623-24 (2d Cir. Sept. 29, 2004) (barring inmate from seeking damages under § 1983 as result of his allegedly unconstitutional conviction, absent showing that his conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by state tribunal authorized to do so, or called into question by federal court's issuance of writ of habeas corpus). As a result, Plaintiff's claims for monetary damages must be dismissed.

---

[5] It has long been understood that a dismissal for failure to state a claim may be on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review) [citations omitted].

Third, and finally, a review of Plaintiff's litigation history on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") website reveals that Plaintiff filed a petition for writ of habeas corpus on October 9, 2009, in this Court. *See Van De Viver v. Superintendent*, 09-CV-1138, Petition (N.D.N.Y. filed Oct. 9, 2009). That petition requests federal habeas relief on the grounds that (1) Petitioner's counsel was ineffective, (2) Petitioner was coerced into entering a guilty plea, (3) the prosecution and the court misrepresented the plea agreement, and (4) he was convicted of a charge not contained in the indictment. *Id.* Because Plaintiff has filed a separate habeas petition, in which he asserts that he was wrongfully convicted based on the same facts that he asserts in his Complaint and Amended Complaint, to the extent that Plaintiff seeks any relief other than money damages, such a request is duplicative of the relief he has requested in his habeas petition. As a result, such claims must be dismissed.[6]

For these reasons, and for the reasons set forth in Magistrate Judge Homer's Report-Recommendation, Plaintiff's Amended Complaint is dismissed in its entirety.

### C.     Dismissal Without Further Leave to Amend

Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action. *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999). However, an opportunity to amend is not required where the plaintiff has already been

---

[6]  *See Curtis v. Citibank*, *N.A.*, 226 F.3d 133, 138 (2d Cir. 2000) ("As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."); *Brown v. Plansky*, 24 F. App'x 26, 28 (2d Cir. Nov. 14, 2001) (affirming district court's dismissal of prisoner's § 1983 claims against two assistant district attorneys, his own defense attorney, several police officers, two alleged victims of his offenses, one of the alleged victim's attorneys, and city, on the grounds that the claims were duplicative of another federal court action).

afforded the opportunity to amend.[7] Here, Plaintiff has already filed an Amended Complaint. (Dkt. No. 10, Part 1.) As a result, the Court need not, and will not, grant him a second opportunity to amend his pleading.

In any event, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993) (citations omitted), *accord, Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.") (citation omitted); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial not abuse of discretion where amendment would be futile); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend

---

[7] *Shuler v. Brown*, 07-CV-0937, 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) (McAvoy, J., adopting Report-Recommendation by Lowe, M.J.) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, 07-CV-1264, 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009) (Hurd, J., adopting Report-Recommendation by Lowe, M.J.); *Abascal v. Hilton*, 04-CV-1401, 2008 WL 268366, at *8 (N.D.N.Y. Jan.130 2008) (Kahn, J., adopting, on de novo review, Report-Recommendation by Lowe, M.J.); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp.2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

should be denied").[8]

This rule applies even to *pro se* plaintiffs. *See, e.g., Cuoco*, 222 F.3d at 103; *Brown*, 1997 WL 599355 at *1. While the special leniency afforded to *pro se* civil rights litigants somewhat loosens the procedural rules governing the form of pleadings (as the Second Circuit has observed),[9] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the pleading standards set forth in Fed. R. Civ. P. 8, 10 and 12.[10] Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the requirements set forth in Fed. R. Civ. P. 8, 10 and 12 are procedural rules that even *pro se* civil rights plaintiffs must follow.[11] Stated more

---

[8] The Court notes that two Second Circuit cases exist reciting the standard as being that the Court should grant leave to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The problem with these cases is that their "rule out any possibility, however likely it might be" standard is rooted in the "unless it appears beyond doubt" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), which was "retire[d]" by the Supreme Court in *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007). *See Gomez v. USAA Federal Sav. Bank*, 171 F.3d 794, 796 (relying on *Branum v. Clark*, 927 F.2d 698, 705 [2d Cir. 1991], which relied on *Conley v. Gibson*, 355 U.S. 41, 45-46 [1957]). Thus, this standard does not appear to be an accurate recitation of the governing law.

[9] *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008); *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

[10] *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[11] *See McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with

plainly, when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended." *Jackson*, 549 F. Supp.2d at 214, n.28 (citations omitted).

Here, for the reasons discussed above in Part III.B. of this Decision and Order, the Court finds that the problems with Plaintiff's claims against Defendants are substantive in nature, and thus better pleading will not cure them.  As a result, providing Plaintiff with a second opportunity to amend would be futile.

**ACCORDINGLY**, it is

**ORDERED** that the Plaintiff's Amended Complaint in this matter (Dkt. No. 10, Part 1) is **ACCEPTED** for filing, and that the Clerk of the Court shall file and docket Dkt. No. 10, Part 1 as Plaintiff's Amended Complaint; and it is further

**ORDERED** that Magistrate Judge Homer's Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety on *de novo* review; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 10) is *sua sponte* **DISMISSED** in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.  The clerk is directed to enter judgment in favor of the defendants.

Dated: October 30, 2009
   Syracuse, New York

*[signature]*
Hon. Glenn T. Suddaby
U.S. District Judge

---

relevant rules of procedural and substantive law") (citation omitted), *accord*, *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983); *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").